IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNY EARL GATHRIGHT,

    Plaintiff,

vs.                                                 Civ. No. 00-1129 WWD/LCS ACE

THE CITY OF ALBUQUERQUE, COUNTY OF
BERNALILLO, BERNALILLO COUNTY DETENTION
CENTER, and BERNALILLO COUNTY DETENTION
CENTER CORRECTIONS OFFICERS JOHN DOE I AND
JOHN DOE II, in their individual capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the government or non-individual Defendants'[1] Motion to Dismiss Count II (Negligent Operation or Maintenance of a Public Building, §§41-4-6) and Count V (Intentional Infliction of Emotional Distress) filed October 20, 2000 [docket #17].

## BACKGROUND.

Plaintiff was sentenced by the Hon. Charles R. Barnhart to serve 20 days in jail, with the proviso that the sentence was to be served on weekends. Plaintiff surrendered at the jail on July 10, 1998, and was not released until July 24, 1998, despite his numerous requests that he be released in accordance with Judge Barnhart's sentence. The sentenced was amended to "time served" by Judge Barnhart after the jail's mistake was discovered which was after Plaintiff had lost his job. Plaintiff subsequently filed his complaint against the Defendants and John Does I and

---

[1] Hereinafter, the Defendants.

II, alleging, *inter alia,* liability against the Defendants based on the "premises exception" to the New Mexico Tort Claims Act, §41-4-6 NMSA ( Count II of the Complaint); and a state tort claim of '"intentional infliction of emotional distress (Count V)". The Defendants have moved to dismiss Count II for the reason that the "premises exception" to sovereign immunity contained in the tort claims act (§41-4-1 et seq., NMSA 1978) does not apply in the circumstances; and, that the tort claims act does not waive immunity for the intentional infliction of emotional distress standing alone as a common law tort.

STANDARD OF REVIEW.

In reviewing the sufficiency of a complaint to withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6), I must accept all the well-pleaded facts of the complaint as true and must construe them in the light most favorable to the plaintiff. Bauchman v. W. High School et al, 132 F.3d 542 (10th Cir. 1997) (citing Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir. 1995) and Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 586 (10th Cir.1994)). Dismissal is appropriate only if the plaintiff can prove no set of facts in support of the claim entitling her to relief. Bauchman; Ramirez, 41 F.3d at 586. The complaint itself must show Plaintiff is "entitled to relief" under each claim raised. Fed.R.Civ.P. 8(a)(2)

DISCUSSION.

Plaintiff cites Williams v. Central Consolidated School District, 124 N.M. 488, 952 P2d 978 (Ct. App. 1998), and Calloway v. N.M. Dept. of Corrections, 117 N.M. 637, 875 P2d 393 (Ct. App. 1994) to support its argument that the "premises" exception to sovereign immunity in the tort claims act should be read broadly so as to include the factual situation here presented. Williams involved a claim for negligent school building design made when a child involved in an

altercation stuck his arm through a hall window and was cut severely.  In Calloway the Court found premises liability based on the fact that the "Defendants knew or should have known that roaming gang members with a known propensity for violence had access to potential weapons in the recreation area, that such gang members created a dangerous condition on the premises of the penitentiary, and that the danger to other inmates was foreseeable." 875 P2d 393, 400.  In the instant case the "premises" are incidental.  The entire wrong that was committed against Plaintiff was the result of administrative inaction or negligence and was not connected to the premises except for the fact that it took place within a government jail. While an argument can be made for a sufficient nexus between the wrong claimed and the premises here involved, I am reluctant to stretch premises liability to cover a jail simply because it is a place of confinement where the wrongful confinement itself is the gravamen of the complaint.  Accordingly, I will dismiss Count II of the complaint against the Defendants.  Plaintiff does not resist dismissal of Count V of the complaint against Defendants, so this count also will be dismissed.

**WHEREFORE,**

**IT IS ORDERED** that Counts II and V of the complaint in this cause against Defendants City of Albuquerque, County of Bernalillo, and Bernalillo County Detention Center be, and they hereby are, **dismissed with prejudice**.

_____
UNITED STATES MAGISTRATE JUDGE